UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| ANTHONY V. LATERZA,<br>DONNA M. PALEMIRE,<br>　*Plaintiffs,*<br><br>vs.<br><br>SCOTT ISRAEL, in his capacity as Sheriff<br>of Broward County, Florida, BROWARD<br>COUNTY SHERIFF'S OFFICE, and<br>DEPUTY WILLIAM SCHWARTZ,<br>individually,<br>　*Defendants.* | Case No.:_____<br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S VERIFIED ORIGINAL
CIVIL RIGHTS COMPLAINT AND DEMAND FOR JURY**

　　Plaintiffs Anthony Laterza and Donna M. Palemire (collectively herein "Plaintiffs" or "Mr. Laterza" or "Ms. Palemire") allege the following against Scott Israel, in his capacity as Sheriff of Broward County, Florida, Broward County Sheriff's Office ("B.S.O.") and Deputy William Schwartz, individually (collectively herein "Defendants") based where applicable on personal knowledge, information and belief, and the investigation of counsel:

**JURISDICTIONAL ALLEGATIONS**

1. This is an action in excess of this Court's jurisdictional threshold.

2. Plaintiffs' claims are made pursuant to 42 U.S.C. Section 1983, Section 1985 and Section 1988, and the 4th, 5th and 14th Amendments to the Constitution of the United States of America.

3. Plaintiffs hereby invoke supplemental jurisdiction of the United States District Court to hear pendent state tort claims arising under Florida law pursuant to 28 U.S.C. Section 1367 and further invoke the jurisdiction of the United States District Court pursuant to 42 U.S.C. 1983; 28 U.S.C. Sections 1331 and 1343.

1

## PARTIES

4. Mr. Laterza is an adult resident of the State of Florida domiciled in Palm Beach County, Florida.

5. Ms. Palemire is an adult resident of the State of Florida domiciled in Palm Beach County, Florida.

6. Defendant, Scott Israel is sued, in his official capacity as Sheriff of Broward County. In this cause, Defendant, Scott Israel acted through his agents, employees and servants.

7. Defendant, Deputy William Schwartz is sued, in his individual capacity as an employee of the Broward County Sheriff's Office.

## CONDITIONS PRECEDENT

8. All conditions precedent to the prosecution of this action have occurred, or have been performed, excused or waived.

9. On or about February 1, 2016, Plaintiffs forwarded a written notice pursuant to Fla. Stat. 768.28 to Defendants and the Florida Department of Financial Services, Division of Risk Management. F.S. 768.28 is not applicable to Defendants sued in their individual capacity.

## GENERAL ALLEGATIONS & FACTS COMMON TO ALL COUNTS

10. At all times material to this action Mr. Laterza and Ms Palemire were employee's and/or owner's of North Palm Pain Management and the Hormone Deficiency Treatment Center (collectively herein "Clinic").

11. On or before October, 2009, William Schwartz either unlawfully obtained actual patient medical records consisting of a Jackson Memorial Hospital MRI and a Brady's Pharmacy prescription history profile report ("Protected Medical Records") without a warrant, subpoena

2

or medical release in violation of F.S. 456.057 {or} he unlawfully commandeered said "Medical Records" in violation of the Broward Sheriff's Office policy and procedure protocol governing custody of evidence. ***(Attached hereto as Exhibit A – Jackson Memorial Hospital Certification/Declaration of Authenticity of Actual Patient Records dated 4-14-14)***

12. On or before October, 2009, William Schwartz conspired with other Officers acting under his supervision to unlawfully exploit and alter these "Protected Medical Records" by removing the actual patient name or names and affixing the pseudonym Bill Rix leaving intact the actual patient's pathology, treating physicians and medical history offending F.S. 815.04 intellectual property.

13. On October 23, 2009, William Schwartz entered the Clinic acting in the alter ego Bill Rix and conspired with Robert Thomas to unlawfully disclose, use and cause others to use individually identifiable health information offending Title 42 U.S.C. section 1320d-6 whereby Schwartz utilized the aforecited "Protected Medical Records" to establish medical necessity in order to obtain prescriptions for controlled substances. Schwartz repeated this modus operandi on Nov. 21, 2009, Dec. 18, 2009, Jan. 11, 2010, and July 23, 2010.

*14.* On October 4, 2010, William Schwartz conspired with Robert Thomas to falsify a Florida Department of Health Authorization for Release of Patient Information Form 390. ("Form 390"), whereby Schwartz and Thomas obtained a blank "Form 390" and filled it out utilizing fictitious name, date of birth and Social Security #. Schwartz executed the form signing the fictitious signature Bill Rix which Thomas then illegally notarizing offending F.S. 117.105. ***(Attached hereto as Exhibit B – Falsified Department of Health Authorization for Release of Patient Information dated 10-04-10)***

15. On October 8, 2010, Thomas entered the Clinic with the "Form 390" that he and Schwartz falsified and utilized it to unlawfully appropriate the Clinic's Medical Records generated and

3

stored in the name of Bill Rix.

16. On April 17, 2014, Department of Health Chief Security Officer Ms. Suzy Love, testified that Schwartz and Thomas were not authorized to use blank D.O.H. "Form 390's" nor to falsify them utilizing fictitious names and signatures.

17. On February 2, 2011, Dr. Mark Rubenstein acted in concert with Thomas and Schwartz to create a "Confidential Medical Review" which disclosed, used and caused others to use the same individually identifiable health information "Protected Medical Records", to formulate a "Negative Expert Opinion", claiming the Clinic's Physician practiced medicine below the standard of care.

18. On February 17, 2011, Thomas utilized Dr. Rubenstein's "Confidential Medical Review" in an application and affidavit to obtain (4) search warrants to search Plaintiffs Homesteaded Residence ("Homestead Warrant"), Condominium ("Condo Warrant"), Warehouse ("Warehouse Warrant") and Clinic ("Clinic Warrant").

19. On February 23, 2011, Thomas along with Task Force Officers executed the (4) search warrants seizing over $3 million in assets from the Plaintiffs to include real property, automobiles, water craft and U.S. currency.

20. On April 8, 2011, the Plaintiffs were fraudulently induced into executing a settlement agreement which indemnified the Defendants and their respective agencies. The fraudulent inducement was consummated by means of a simulated legal process and concealment.

21. On July 20, 2011, the Honorable 15th/ Judicial Circuit Court Judge Richard Oftedhal entered an order holding that the "Homestead Warrant", "Condo Warrant" and "Warehouse Warrant", were unconstitutionally defective within their four (4) corners.

22. On October 13, 2015, a medical doctor with Jackson Memorial Hospital and a licensed pharmacist and owner of Brady's Pharmacy testified   and/or stipulated that Deputy William

4

Schwartz was not authorized to obtain, or disclose their patient's medical records as part of his alter ego persona Bill Rix.

23. The Defendants criminal acts were concealed from the Plaintiffs and utilized to defraud the Plaintiffs of real property exceeding $3,000.000.00 dollars in value by means of a simulated legal process, a civil forfeiture fully incorporated herein.

24. On January 15, 2016, Plaintiffs via certified mail filed a written complaint against Schwartz with Broward Sheriff's Office Internal Affairs Division. As of the date of this complaint Internal Affairs failed to restrain Schwartz depriving Plaintiffs of their right to equal protection of law.

25. The Defendants have acted under the color of law with criminal, malicious intent to divest Plaintiffs of property without due process and further divested Plaintiffs of their right to equal protection of law.

## CAUSES OF ACTION

### COUNT I

**Violation of 42 U.S.C. §1983 – Deliberately Indifferent Policies, Practices, Customs, Training and Supervision in violation of the Fourth, Fifth and Fourteenth Amendment nd in violation of 42 U.S.C. §1981**
**(Against Defendants Israel, Schwartz and Broward Sheriff's Office)**

26. Plaintiffs reallege and incorporate by reference all allegations in all paragraphs above, as though set fourth verbatim herein.

27. This claim is brought pursuant to the provisions of 42 U.S.C. §1983.

28. Defendants acted under color of State and/or local law, ordinances, policies, customs, and usages of the State of Florida, and the County of Broward, Florida, deprived Plaintiffs, of the right to be secure in their persons, houses, papers against unreasonable searches and seizures through Defendants acts or omissions under the Fourth Amendment, {and} the right against

5

deprivation of property without due process of law through Defendants acts, or omissions under the Fifth Amendment {and} the right against deprivation of equal protection of laws through Defendants acts or omissions under the Fourteenth Amendment.

29. Defendants, Israel, Schwartz and Broward Sheriff's Office knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

30. The acts or omissions of these Defendants as described herein intentionally and maliciously deprived Plaintiffs of their Constitution and Statutory Rights and caused them other damages.

31. Defendants are not entitled to qualified immunity for the complained of conduct.

32. These Defendants were at all times relevant the policy makers and internal police agency of the Broward County Sheriff's Office and in that capacity established policies, procedures, customs, internal regulations, and/or practices of the same.

33. These Defendants developed and maintained, internal regulations, policies, procedures, customs, and/or practices exhibiting deliberate indifference to the Constitutional Rights of citizens, which were the moving forces behind and proximately caused the violations of Plaintiffs Constitutional and Federal Rights as set forth herein and in the other claims.

34. In light of the duties and responsibilities of defendant Schwartz's undercover work in the field of Medical treatment and Federally protected Medical Records that the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of Constitutional and Federal Rights described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

35. These Defendants have created and tolerated an atmosphere of lawlessness and failed to properly train, supervise and police their Officer in a manner amounting to deliberate

indifference to the Constitutional Rights of the Plaintiffs and of the public.

36. The acts and omissions of Israel, and B.S.O. were so culpable as to constitute authorization of, and acquiescence in, the unlawful conduct of Schwartz.

37. These Defendants are vicariously liable for the unlawful acts of Schwartz.

38. Defendants Israel, Schwartz and B.S.O. acts or omissions were intentional, malicious, willful, wanton, obdurate and in gross, reckless disregard of Plaintiffs Constitutional Rights.

39. As a direct and proximate result of the Defendants deprivation of federally secured rights Plaintiffs have suffered damages and losses described herein entitling them to compensatory and special damages in amounts to be determined at trial.

40. In light of the fact that the United States Congress and the Florida Legislators have enacted Statutes proscribing Schwartz's unlawful conduct and that these Defendants as a Law enforcement Agency and/or sworn Law Enforcement Officers hold themselves unaccountable and above the very laws they are charged with enforcing declaratory and injunctive relief is appropriate to protect the Public, Patients, Physicians, Medical Institution and Plaintiffs from continued irreparable harm.

41. Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to redress Defendants above described ongoing deliberate indifferences to governing State and Federal Statutes, internal policies, practices, habits, customs, usages, training, supervision and the ongoing policy of the Internal Affairs Office for failing to investigate or properly handle complaints of the same, which Defendants have failed to correct.

## COUNT II

**Violation of 42 U.S.C. §1983 – Deprivation of Right to be secure in their persons, house, papers and effects in violation of the Fourth Amendment**
**(Against Defendant Schwartz)**

42. Plaintiffs reallege and incorporate by reference all allegations in all paragraphs above, as

7

though set fourth verbatim herein.

43. This claim is brought pursuant to the provisions of 42 U.S.C. §1983.

44. Defendant acted under color of state and/or local law, ordinances, policies, customs, and usages of the State of Florida, and the County of Broward, Florida, deprived Plaintiffs, of the right to be secure in their person and free from unreasonable seizure in the course of the obtaining and execution of four (4) search warrants of their homestead, clinic, condo and warehouse.

45. Defendant Schwartz knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

46. This Defendant as described herein intentionally and maliciously deprived Plaintiffs of their Constitution and Statutory Rights and caused them other damages.

47. Defendant is not entitled to qualified immunity for the complained of conduct.

48. Upon information and belief, Defendant Schwartz during the course of his investigation violated State and Federal Statutes proscribing the unlawful obtaining, disclosing, using and causing others to use individually identifiable health information offending 42 U.S.C. 1320d-6 and along with co-conspirator Robert Thomas falsified and criminally notarized a Florida Department Health Medical Release form to unlawfully appropriate Medical Records from Plaintiffs clinic offending F.S. 117.105 and F.S. 456.057.

49. Upon information and belief, Defendant Schwartz's aforecited criminal acts were incorporated into Probable Cause Affidavit, and Application and Affidavit for search warrants for four (4) search warrants which were executed at Plaintiffs homestead, clinic, condo and warehouse and where at that time and place Plaintiffs assets were unconstitutionally seized.

50. Defendant Schwartz, acted unlawfully with deliberate indifference to Plaintiffs Constitutional Rights secured by the Fourth Amendment.

51. Defendant Schwartz acts were intentional, malicious, willful, wanton, obdurate, and in gross

and reckless disregard of Plaintiffs Constitutional Rights.

52. As a direct and proximate result of the Defendants deprivation of federally secured rights Plaintiffs have suffered damages and losses described herein entitling them to compensatory and special damages in amounts to be determined at trial.

## COUNT III

**Violation of 42 U.S.C., §1983 – Deprivation of Property without Due Process of Law by means of Criminal Fraud, Concealment and Conversion in Violation of the Fifth Amendment**
**(Against Defendant Schwartz)**

53. Plaintiffs reallege and incorporate by reference all allegations in all paragraphs above, as though set fourth verbatim herein.

54. This claim is brought pursuant to the provisions of 42 U.S.C. §1983.

55. Defendant acted under color of state and/or local law, ordinances, policies, customs, and usages of the State of Florida, and the County of Broward, Florida, deprived Plaintiffs, of the right against deprivation of property without due process of law by means of criminal fraud, concealment and conversion.

56. Defendant Schwartz knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

57. This Defendant as described herein intentionally and maliciously deprived Plaintiffs of their Constitution and Statutory Rights and caused them other damages.

58. Defendant is not entitled to qualified immunity for the complained of conduct.

59. Upon information and belief, Defendant Schwartz concealed his unlawful acts from Plaintiffs inducing them by means of criminal fraud to execute a civil forfeiture in a simulated legal process fully incorporated herein.

60. Schwartz's participation in the simulation of a legal process in a Florida Contraband Forfeiture Act action where no complaint or petition was filed as required by law pursuant to F.S.

932.704(4) offends F.S. 843.0855.

61. Schwartz's appropriation and conversion of Plaintiffs property by means of fraud as defined in F.S. 812.012(3)(c) offends the Florida Theft Statute at F.S. 812.014.

62. Upon information and belief, Defendant Schwartz's aforecited criminal acts were utilized to convert Plaintiff's assets by means of criminal fraud and concealment.

63. Defendant Schwartz acted unlawfully with deliberate indifference to Plaintiffs Constitutional Rights secured by the Fifth Amendment.

64. Defendant Schwartz acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiffs Constitutional Rights.

65. As a direct and proximate result of the Defendants deprivation of federally secured rights Plaintiffs have suffered damages and losses described herein entitling them to compensatory and special damages in amounts to be determined at trial.

## COUNT IV

### Violation of 42 U.S.C. §1983 – Deprivation of Equal Protection of Law by means of Arbitrary Irrational Classification and targeted enforcement for Pecuniary Enrichment in violation of the Fourteenth Amendment and in violation of 42 U.S.C. §1981
### (Against all Defendants)

66. Plaintiffs reallege and incorporate by reference all allegations in all paragraphs above, as though set fourth verbatim herein.

67. This claim is brought pursuant to the provisions of 42 U.S.C. §1983.

68. Defendants acted under color of State and/or local law, ordinances, policies, customs, and usages of the State of Florida, and the County of Broward, Florida, deprived Plaintiffs, of the right against deprivation of equal protection of law by means of arbitrary irrational classification and targeted enforcement for pecuniary enrichment.

69. Defendants knew or should have known of these rights at the time of the complained of

conduct as they were clearly established at that time.

70. The acts or omissions of these Defendants as described herein intentionally and maliciously deprived Plaintiffs of their Constitution and Statutory Rights and caused them other damages.

71. Defendants are not entitled to qualified immunity for the complained of conduct.

72. Plaintiffs were members of a suspect occupational class and members of a suspect financial class.

73. Defendants targeted Plaintiffs based on arbitrary irrational classification for pecuniary enrichment through illicit acts, criminal fraud and concealment. Defendant's discriminated against Plaintiffs as members in a certain labor organization and as members of a certain financial group.

74. Defendant's acted unlawfully with deliberate indifference to Plaintiffs Constitutional Rights secured by the Fourteenth Amendment of equal protection of law.

75. Defendant's acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiffs Constitutional Rights.

76. As a direct and proximate result of the Defendants deprivation of federally secured rights Plaintiffs have suffered damages and losses described herein entitling them to compensatory and special damages in amounts to be determined at trial.

## COUNT V

**Violation of 42 U.S.C. §1983 – Deprivation of Privileges or Immunities under Florida Constitution Article 1, Section 2, Section 6, Section 9, Section 12, Section 17, Section 21 and Section 23**
**(Against all Defendants)**

77. Plaintiffs reallege and incorporate by reference all allegations in all paragraphs above, as though set fourth verbatim herein.

78. This claim is brought pursuant to the provisions of 42 U.S.C. §1983.

79. Defendants acted under color of State, Federal and/or local law, ordinances, policies, customs, and usages of the State of Florida, and the County of Broward, Florida, deprived Plaintiffs, of their rights guaranteed by the Florida Constitution under :

>Article 1 Section 2....to acquire, possess, and protect property....
>Article 1 Section 6....work shall not be denied or abridged based on membership in a labor organization....
>Article 1 Section 9....due process of law....
>Article 1 Section 12....unreasonable search and seizure....
>Article 1 Section 17....excessive fines or punishment....
>Article 1 Section 21....access to the courts....
>Article 1 Section 23....free from government intrusion....

80. Defendants knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

81. The acts or omissions of these Defendants as described herein intentionally and maliciously deprived Plaintiffs of their State Constitution and Statutory Rights and caused them other damages.

82. Defendants are not entitled to qualified immunity for the complained of conduct.

83. Defendant's acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiffs Constitutional Rights.

84. As a direct and proximate result of the Defendants deprivation of State secured rights Plaintiffs have suffered damages and losses described herein entitling them to compensatory and special damages in amounts to be determined at trial.

## COUNT VI

**Plaintiffs claim for Breach of Written Agreement and Breach of Implied Covenant of Good Faith and Fair Dealings**
**(Against Schwartz and BSO)**

85. On April 11, 2011, the Honorable 15th/ Judicial Circuit Court Judge Elizabeth Maass entered a

Final Order of Forfeiture, fully incorporated herein, indemnifying defendants in a written agreement against any legal action relating to the four (4) search warrants of Plaintiffs homestead, clinic, condo, and warehouse and the forfeiture of Plaintiff's assets seized therein.

86. Paragraph 10 of that written agreement contains a misrepresentation clause fully incorporated herein.

87. Defendant's concealment of their criminal acts and omissions in obtaining and executing said four (4) search warrants was done in bad faith and fraudulently induced Plaintiffs into executing the agreement.

88. Defendants acts of bad faith, unfair dealings and concealment of their illegal misconduct in seizing Plaintiff's assets breaches the written agreement for misrepresentation rendering the final order of forfeiture null and void.

89. Wherefore pursuant to Florida Rule of Civil Procedure 1.540 Plaintiff's respectfully request this Honorable Court to set aside the final order of forfeiture for extrinsic fraud upon the Court and order Defendants to repay Plaintiff's the fair market value and total sum of Plaintiff's assets.

90. Plaintiffs have retained the undersigned attorney to prosecute this action on their behalf and have agreed to pay them a reasonable fee and to reimburse the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiffs pray that this Court enter judgment for Plaintiffs and against each of the Defendants and grant:**

A. To enter a declaratory judgment against all Defendants, jointly and severally, pursuant to 42 U.S.C. 1983, by awarding compensatory damages, punitive damages, all costs and reasonable attorney's fees pursuant to 42 U.S.C. 1988;

13

B. To issue a permanent injunction forever restraining and enjoining Defendants and all other persons acting in active concert with them from wrongfully, disclosing, using or causing others to use the individually identifiable health information which is the subject of this action;

C. To declare the final order of civil forfeiture null and void for misrepresentation and order Defendants to repay Plaintiffs fair market value of their forfeited assets;

D. To retain jurisdiction of this matter for the purpose of enforcing this Court's order;

E. Any such other relief as the court deems reasonable and just.

1. **JURY DEMAND.** Plaintiffs demand a trial by jury on all issues so triable.

Dated: March 1, 2016

Respectfully submitted,

Harry Winderman, Esq.
FBN 0209562
Attorney for Plaintiffs
One Boca Place, Suite 218A
2255 Glades Road
Boca Raton, FL 33431
(561) 241-0332 Telephone
(561) 241-5266 Facsimile
Harry4334@hotmail.com

**VERIFICATION**

Under the penalty of perjury under the laws of the United States of America and the State of Florida, the plaintiffs declare that we have read the foregoing, and that the facts alleged therein are true and correct to the best of our knowledge and belief.

_____          _____
Anthony V. Laterza                                      Donna M. Palemire

Dated this ___1___ day of March 2016

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| ANTHONY V. LATERZA, <br> DONNA M. PALEMIRE, <br> *Plaintiffs,* <br> <br> vs. <br> <br> SCOTT ISRAEL, in his capacity as Sheriff of Broward County, Florida, BROWARD COUNTY SHERIFF'S OFFICE, and DEPUTY WILLIAM SCHWARTZ, individually, <br> *Defendants.* | Case No.:_____ <br> <br> <br> <br> **JURY TRIAL DEMANDED** |

**EXHIBITS TO
PLAINTIFF'S VERIFIED ORIGINAL
CIVIL RIGHTS COMPLAINT AND DEMAND FOR JURY**

## EXHIBITS

A. Jackson Memorial Hospital- "CERTIFICATION/DECLARATION OF AUTHENTICY" of Actual Patient Medical Records dated 4-14-14.

B. Florida Department of Health "AUTHORIZATION FOR RELEASE OF PATIENT INFORMATION" falsified by William Schwartz bearing fictitious signature Bill Rix illegally notarized by Officer Robert Thomas dated 10-4-10.

Dated: March 1, 2016

Respectfully submitted,

Harry Winderman, Esq.
FBN 0209562
Attorney for Plaintiffs
One Boca Place, Suite 218A
2255 Glades Road
Boca Raton, FL 33431
(561) 241-0332 Telephone
(561) 241-5266 Facsimile
Harry4334@hotmail.com




EXHIBIT A

## FS 90.803(6) and 90.902(11) BUSINESS RECORD CERTIFICATION/DECLARATION OF AUTHENTICITY

RECORDS CUSTODIAN
Jackson Memorial Hospital/Jackson Health System.
1611 N.W. 12th Avenue
Miami, Florida 333136

I, Vladimir Auguste, hereby certify that I am the Records Custodian, or other qualified person for: Jackson Memorial Hospital/Jackson Health System

I, Vladimir Auguste, hereby further certify that the following memorandum, report(s), record(s), or data compilation, in any form, of acts, events, conditions, or diagnosis, to wit:

<u>The verification/confirmation that the patient/Encounter number of 0639943 or 06399439802 is an actual patient and/or patient number of Jackson Memorial Hospital/Jackson Health System</u>

that such information was made at or near the time at which the information contained thereon was received by, or from information transmitted by, a person with knowledge of the information contained thereon, and further, that the information is kept in the course of a regularly conducted business activity of **Jackson Memorial Hospital/Jackson Health System**. I further certify that it was a regular practice of that business activity to make such memorandum, report, record, or data compilation.

_____ 4/14/14
Records Custodian

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

Before me this day personally appeared Vladimir Auguste who, being duly sworn, deposes and says that the information contained in this affidavit is true and correct.

Sworn to and subscribed before me this 14th day of ~~March~~ April 2014.

MICHAEL EZCURRA
MY COMMISSION # FF094730
EXPIRES: February 20, 2018

NOTARY PUBLIC, State of Florida

An Equal Opportunity Employer

EXHIBIT B



Charlie Crist
Governor

Ana M. Viamonte Ros, M.D., M.P.H.
State Surgeon General

## AUTHORIZATION FOR RELEASE OF PATIENT INFORMATION

TO: Any and All Treating Health Care Practitioners or Facilities:

This authorization meets the requirements of the Health Insurance Portability and Accountability Act of 1996 (HIPAA Privacy Law) found at 45 CFR, Part 164.

A photocopy of this document is as sufficient as the original.

This document authorizes any and all licensed health care practitioners, including but not limited to: physicians, nurses, therapists, social workers, counselors, dentists, chiropractors, podiatrists, optometrists, hospitals, clinics, laboratories, medical attendants and other persons who have participated in providing any health care or service to me, to discuss any communication, whether confidential or privileged, and to provide full and complete patient reports and records justifying the course of treatment including but not limited to: patient histories, x-rays, examination and test results, reports or information prepared by other persons that may be in your possession and all financial records, to the Department of Health (or any official representative of the Department) pursuant to Section 456.057, Florida Statutes.

This document provides full authorization to the Department of Health (or any official representative of the Department) to use any of the aforementioned reports and information for reproduction, investigation or other use for licensure or disciplinary actions and civil, criminal or administrative proceedings, as needed by the Department and may be subject to re-disclosure by the recipient and may no longer be protected by the federal privacy laws and regulations.

By signing below, the patient understands, acknowledges and authorizes the Department to release their identity and medical records to law enforcement and other regulatory agencies in appropriate circumstances at the departments' discretion.

I understand that this authorization may be revoked upon my written request except to the extent that action has already been taken on this authorization.

Bill Duane Rik
Patient Name (Please Print)

_[signature]_       08021        MR-14-7622        10-04-10
Patient Signature    D.O.B.      Social Security No.    Date

_____
Name of Authorized Person other than Patient (Please Print)    Relationship

_____
Signature of Authorized Person Other than Patient

STATE of Florida                              COUNTY of Palm Beach

Before me personally appeared Bill Rik whose identity is known to me by FL DL
_____ (type of identification) and who acknowledges that his/her signature appears above.

Sworn to or affirmed by Affiant before me this 4th day of OCT 20 10

_[signature]_
NOTARY PUBLIC - State of Florida  Police officer        My Commission Expires

L. Thomas #193
Type or Print Name
PBCPD                                        Witness Signature (if not notarized)

INV FORM 390 Created 9/05 Revised 1/09

For Official Use Only